IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

TARRA DAVIS                                                                                    PLAINTIFF

v.                                           CIVIL ACTION NO. 1:11-CV-00234-GHD-DAS

BAPTIST MEMORIAL HOSPITAL – GOLDEN TRIANGLE, INC.       DEFENDANT

MEMORANDUM OPINION DENYING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Presently before the Court is Defendant's motion for summary judgment [36]. Upon due consideration, the Court finds that the motion is not well taken. Plaintiff has established a prima facie case of race discrimination, and genuine disputes of material fact exist on whether Defendant's proffered reasons for its actions were pretext for race discrimination or that race was a motivating factor for Defendant's actions. Accordingly, summary judgment shall be denied.

*A. Factual and Procedural Background*

After filing an EEOC charge of race discrimination and receiving her right to sue letter, Plaintiff Tarra Davis ("Plaintiff") brought this suit against her former employer, Baptist Memorial Hospital – Golden Triangle, Inc. ("Defendant"), alleging she was demoted and then terminated for race-based reasons in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981.

The following facts are not in dispute: Defendant hired Plaintiff, who is black, as an X-ray technician in April of 2004. Plaintiff suffers from a medical condition known as trigeminal neuralgia, which causes severe right facial pain. After Plaintiff's condition worsened and affected her ability to work, Plaintiff sought and was granted Family Medical Leave Act ("FMLA") leave from August 11, 2010 to November 3, 2010, at which time her FMLA leave

1

was exhausted. Plaintiff was still ill following the exhaustion of her leave on November 3, 2010, and Defendant granted her additional, non-FMLA leave. Plaintiff was notified by a letter dated November 5, 2010 that (1) her FMLA leave had expired on November 3, 2010; (2) Plaintiff was continuing her leave as personal, non-qualifying FMLA leave; (3) Defendant was no longer able to hold Plaintiff's full-time X-ray technician position; and (4) Plaintiff's total leave time, including both FMLA and non-FMLA leave, could not exceed six months. Plaintiff was excused from work to undergo surgery in December of 2010. In January of 2011, Plaintiff informed her supervisor that she had been released to return to work. Plaintiff was informed that (1) her position had been filled by a white female already employed by Defendant; (2) Plaintiff was still a full-time employee of Defendant, but had no position; and (3) Plaintiff should go online and apply for a position when something became available. Subsequently, Plaintiff was notified she was terminated.

Facts in dispute include, *inter alia*, those concerning what Plaintiff was told by Defendant concerning the availability of her position following her leave of absence, when her position was filled by the white employee, and whether Plaintiff was demoted prior to her termination.

### B. *Summary Judgment Standard*

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). *See* FED. R. CIV. P. 56(a); *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on

2

which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322, 106 S. Ct. 2548.

The party moving for summary judgment bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine dispute of material fact. *Id.* at 323, 106 S. Ct. 2548. Under Rule 56(a), the burden then shifts to the non-movant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " *Id.* at 324, 106 S. Ct. 2548; *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001); *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995).

Where, as here, the parties dispute the facts, the Court must view the facts and draw reasonable inferences in the light most favorable to the plaintiff. *Scott v. Harris*, 550 U.S. 372, 378, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007) (internal citations omitted). "However, a nonmovant may not overcome the summary judgment standard with conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence." *McClure v. Boles*, 490 F. App'x 666, 667 (5th Cir. 2012) (per curiam) (citing *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007)).

### C. *Analysis and Discussion*

Defendant argues that summary judgment should be granted on Plaintiff's race discrimination claims under Section 1981 and Title VII. Section 1981, known as the "equal contracts rights" provision, was enacted shortly after the Civil War and provides in pertinent part that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens." 42 U.S.C.

§ 1981(a). Section 1981 defines "make and enforce contracts" as including "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b).

For Plaintiff to establish a prima facie case under Section 1981, she must "produce direct or circumstantial evidence of purposeful discrimination by the defendant." *Jatoi v. Hurst-Euless-Bedford Hosp. Auth.*, 807 F.2d 1214, 1219 (5th Cir. 1987) (citing *Ramirez v. Sloss*, 615 F.2d 163, 168 (5th Cir. 1980)). When there is no direct evidence of unlawful discrimination, as here, Section 1981 race discrimination claims are analyzed under the same evidentiary framework as Title VII claims. *Taylor v. Seton Brackenridge Hosp.*, 349 F. App'x 874, 876–77 (5th Cir. 2009) (citing *Flanagan v. Aaron E. Henry Cmty. Health Servs. Ctr.*, 876 F.2d 1231, 1233 (5th Cir. 1989); *Roberson v. Alltel Info. Servs.*, 373 F.3d 647, 651 (5th Cir. 2004)). Thus, the Court will analyze Plaintiff's Section 1981 and Title VII race discrimination claims under the same *McDonnell Douglas* framework.

Under *McDonnell Douglas*, an employee alleging racial discrimination against her employer based on circumstantial evidence must first establish a prima facie case of discrimination. *McDonnell Douglas*, 411 U.S. at 802, 93 S. Ct. 1817. The burden then shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the adverse employment action. *Id.*, 411 U.S. at 802, 93 S. Ct. 1817. Only then does the presumption of discrimination disappear and the burden shift back to the plaintiff to show pretext or that the defendant's actions were motivated in part by race discrimination.[1] The Court notes that even under *McDonnell*

---

[1] The Court notes that in the Fifth Circuit the mixed-motive framework has not yet been extended to Section 1981 claims, and it is unclear how far the United States Supreme Court's holding in *Gross v. FBL Financial Services, Inc.* has scaled back the extension of the mixed-motive application. *See generally Gross*, 557 U.S. 167, 129 S. Ct. 2343, 174 L. Ed. 2d 119 (2009); *see also Crouch v. JC Penney Corp.*, 337 F. App'x 399, 402, n.1 (2009) (finding that *Gross* "raises the question of whether the mixed-motive framework is available to plaintiffs alleging discrimination outside of the Title VII framework"). The mixed-motive framework's applicability is further called into question by the decisions of other circuits that had previously addressed the question and found it inapposite in

4

*Douglas*'s burden-shifting framework, the ultimate burden remains with the plaintiff. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000) (quoting *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253, 101 S. Ct. 1089, 67 L. Ed. 2d 207 (1981)).

*1. Prima Facie Case of Race Discrimination*

Under *McDonnell Douglas*, the plaintiff must first make a prima facie case of race discrimination, that is, the plaintiff must demonstrate that she "(1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside [her] protected group or was treated less favorably than other similarly situated employees outside the protected group." *McCoy v. City of Shreveport*, 492 F.3d 551, 556–57 (5th Cir. 2007). The plaintiff "need only make a very minimal showing" to establish a prima facie case. *Nichols v. Loral Vought Sys. Corp.*, 81 F.3d 38, 41 (5th Cir. 1996).

The Court finds that Plaintiff has met her prima facie burden, as (1) it is undisputed that Plaintiff is a member of a protected class; (2) despite Defendant's protestations to the contrary, Plaintiff has satisfied the qualified prong of her prima facie case by asserting that she is a certified X-ray technician and worked in her position for Defendant for six years prior to the occurrences giving rise to this suit; (3) Plaintiff has shown that she suffered an adverse employment action—whether or not she was demoted, unquestionably, she was terminated by Defendant; and (4) Plaintiff has shown she was replaced by a white person, and replacement by a

---

Section 1981 claims even prior to the Supreme Court's holding in *Gross*. *See Mabra v. United Food & Commercial Workers Local Union No. 1996*, 176 F.3d 1357, 1357 (11th Cir. 1999) (comparing the language of both statutes and determining an extension of the mixed-motive framework to Section 1981 claim would be inappropriate); *Aquino v. Honda of Am., Inc.*, 158 F. App'x 667, 676 (6th Cir. 2005) ("Congress inserted the specific statutory provision [supporting the mixed-motive framework] only into Title VII . . . it did not amend [Section] 1981 in an analogous fashion").

5

person outside the plaintiff's protected class is an alternative means of satisfying the fourth element of the prima facie case, *see Harris v. First Am. Nat'l Bancshares, Inc.*, 484 F. App'x 902, 904 (5th Cir. 2012) (per curiam) (citing *Okoye v. Univ. of Tex. Hous. Health Sci. Ctr.*, 245 F.3d 507, 512–513 (5th Cir. 2001)). Thus, Plaintiff has met her initial burden, and in so doing, has raised an inference of intentional discrimination which Defendant must rebut by providing a legitimate and nondiscriminatory justification for the adverse action. *See Meinecke v. H & R Block of Hous.*, 66 F.3d 77, 83 (5th Cir. 1995).

### *2. Legitimate, Nondiscriminatory Reason for Adverse Employment Action*

The Court now turns to examine whether Defendant has articulated a legitimate justification for the adverse employment action. Defendant articulated the following reasons for Plaintiff's ultimate termination from her employment with Defendant: (1) Plaintiff had no certainty that her position would be available following her leave of absence, as she was so informed upon the expiration of her FMLA leave; (2) Defendant had difficulty finding employees to cover Plaintiff's shifts during her leave of absence, and the result was overworked, fatigued employees; (3) Plaintiff failed to apply for any other position with Defendant, despite being told that she would have approximately one month to search for and apply for any available positions for which she was qualified and that if she failed to apply for any position she would be terminated; (4) Plaintiff was offered an as-needed X-ray technician position, but declined the offer; and (5) Plaintiff remained eligible for rehire.

These justifications are sufficient to rebut Plaintiff's case on a prima facie level. Thus, the burden shifts back to Plaintiff to show pretext or mixed motives.

*3. Pretext/Mixed Motives Alternative*

Plaintiff argues that the Defendant's actions of replacing her with a white employee and terminating her were pretextual and/or that race motivated Defendant's actions in part. Plaintiff contends that (1) she was reassured by supervisors that her position would be available after she returned from the leave of absence; (2) employees covering Plaintiff's shifts in her absence were not overworked, as Defendant was far from understaffed with about forty-five X-ray technicians and two as-needed imaging technicians who could cover Plaintiff's shifts; (3) Plaintiff did not apply for any comparable alternative position with Defendant because none were made available to her; and (4) Defendant offered Plaintiff an as-needed X-ray technician position not comparable to her previous full-time X-ray technician position. Plaintiff maintains that white employees in her same situation had been returned to their position after returning to work under similar circumstances. Plaintiff further maintains that her replacement was a white employee who had served as an as-needed X-ray technician and was substantially less qualified than Plaintiff for the position. Overall, Plaintiff maintains that Defendant's alleged actions towards her were due to her race. The Court finds that Plaintiff has highlighted genuine disputes of material fact with respect to whether Defendant's proffered justification was a mere pretext for race discrimination. These genuine disputes preclude summary judgment on her race discrimination claims. Further, the Court may exercise its discretion to allow Plaintiff's claims to proceed to trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986) ("Neither do we suggest . . . that the trial court may not deny summary judgment in a case where there is reason to believe that the better course would be to proceed to a full trial.").

*D. Conclusion*

In sum, the Court finds that the Defendant's motion for summary judgment [36] should be DENIED and the case should proceed to trial.

A separate order in accordance with this opinion shall issue this day.

THIS, the 19²  day of April, 2013.

_____
SENIOR JUDGE

8